**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

JANE DOE,                                          :
                                                   :
                                   Plaintiff,      :
                                                   :       1:25-cv-02148 (ALC)
                      -against-                     :
                                                   :       **ORDER**
OREN ALEXANDER,                                    :
                                                   :
                                   Defendant.      :
                                                   :

------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

Before the Court is Plaintiff Jane Doe's ("Plaintiff") letter dated March 24, 2025

requesting a briefing schedule for Defendant Oren Alexander's ("Defendant") Motion to Dismiss

(Dkt. No. 7), as well as Plaintiff's Motion for Leave to Appear Anonymously (Dkt. No. 9),

Defendant's Opposition thereto (Dkt. No. 14), and Plaintiff's Reply (Dkt. No. 15). Having

reviewed each of the foregoing, as well as all documents attached thereto (*i.e.*, Dkt. Nos. 7, 9–

10), Plaintiff's requests are **GRANTED**.

**Plaintiff's Request for a Briefing Schedule**

On March 23, 2025, Defendant filed a letter requesting a pre-motion conference in

anticipation of filing a motion to dismiss the Complaint's first cause of action. Dkt. No. 4. On

March 24, 2025, Plaintiff filed a letter in response to the Defendant's request and stated their

intention to file a motion to remand this matter to state court based on a lack of diversity

jurisdiction. Dkt. No. 5. The Court thus ordered Defendant to show cause, in writing, as to why

this case should not be remanded to state court for violation of the forum defendant rule. Dkt.

No. 6. On April 2, 2025, Plaintiff filed a letter (a) withdrawing her intention to file a motion to

remand, (b) conceding that diversity jurisdiction exists because she is a resident of Oregon, and (c) requesting a briefing schedule for Defendant's Motion to Dismiss. Dkt. No. 7. Accordingly, the Court sets the following briefing schedule:

- Defendant's Motion to Dismiss is due by **March 26, 2026**

- Plaintiff's Response, if any, is due by **April 9, 2026**

- Defendant's Reply, if any, is due by **April 16, 2026**.

### Plaintiff's Motion for Leave to Appear Anonymously

Plaintiff argues that anonymity is necessary to protect her privacy rights and to protect her from physical and/or mental harm. Dkt. No. 10. On August 25, 2025, after the filing of the Complaint on March 14, 2025, she filed a motion for leave to proceed anonymously. Dkt. No. 9. Plaintiff has agreed to provide Defendant with her discoverable information (which would include her full name) and agrees that Defendant will (a) still have the right to depose and/or confer with any and all witnesses, (b) conduct full discovery in accordance with applicable rules, and (c) obtain any and all non-privileged and discoverable documents. Accordingly, given the early stage of this suit and with good cause appearing, Plaintiffs motion is **GRANTED**. However, Plaintiff **may not proceed anonymously indefinitely**. As this litigation proceeds and potentially at its conclusion, this case may be unsealed in its entirety.

**IT IS HEREBY ORDERED** that any person subject to this Order, including the parties to this action and their respective counsel of record, shall adhere to the following terms:

1. Within three (3) days of entry of this Order, and to the extent not already completed, Counsel of Record for Plaintiff shall disclose Plaintiff's identity to Counsel of Record for Defendant, in writing.

2. Counsel of Record for Defendant may disclose Plaintiff's identity only to Defendant and any attorneys, paralegals, and clerical or other assistants working with or for Defendant on matters related to this action, and the recipients of such information shall not disclose it to any other persons.

3. If Defendant wishes to disclose Plaintiff's identity to any person not otherwise permitted to receive such information under this Order, Defendant is limited to doing so in connection with defending this action, and must require such person to first execute a non-disclosure agreement, in a form agreed to by the parties, that prevents such person from disclosing Plaintiff's identity to any other persons. Defendant must maintain a list of all such persons to whom Plaintiff's identity is disclosed and copies of the executed non-disclosure agreements, all of which are subject to *in camera* inspection.

4. All portions of pleadings, motions or other papers filed with the Court that disclose Plaintiff's identity shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties shall use their best efforts to minimize such sealing. Any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts the Plaintiff's identity including any text that would reveal Plaintiff's identity.

5. The parties may seek to modify or amend this Order at any time upon motion to the Court or by stipulation.

The Clerk of Court is respectfully directed to terminate the pending motion at Dkt. No. 9.

**SO ORDERED.**

**Dated:   February 26, 2026**

       **New York, NY**

                                          **ANDREW L. CARTER, JR.**
                                         **United States District Judge**